UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TANESIA DEAN, on behalf of herself and all others so similarly situated, | ) ) ) | CASE NO. |
| | ) | JUDGE |
| Plaintiff, | ) ) | |
| -vs- | ) ) | **CLASS ACTION COMPLAINT** |
| | ) | |
| CHAMBERLAIN UNIVERSITY, LLC a Delaware limited liability company, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff Tanesia Dean (herein after "Plaintiff"), by and through the undersigned counsel, and brings this class action against Chamberlain University, LLC, (hereinafter "Defendant", "Chamberlain University" or "the University"), and hereby states and alleges as follows:

### NATURE OF THE ACTION

1.     This is a class action lawsuit on behalf of all persons who paid, or will pay, tuition and/or fees to attend Chamberlain University for an in-person, hands-on education for the March 2020 Session, and any other future session, but had their course work moved to online learning. Such persons paid all or part of the tuition for the relevant sessions that ranged from approximately $590 to $775 per credit hour. (*See* Tuition and Expenses attached hereto as Exhibit "A" and incorporated as if fully rewritten herein).

2.     Chamberlain University also charges Plaintiff and all of its students mandatory fees including, but not limited to, a Student Services Charge, Course Resource Fee, Annual Resource Fee and Clinical Fee (collectively, the "Mandatory Fees").

3.     Chamberlain University has not refunded any amount of the tuition or any of the Mandatory Fees, even though it has implemented online distance learning starting on March 14, 2020.

4.     Due to the Defendant's response to the Coronavirus Disease 2019 ("COVID-19") pandemic, the University also stopped providing any of the services or facilities that the Mandatory Fees were intended to cover around March 14, 2020.

5.      The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 14, 2020 is a breach of the contracts and breach of the covenant of good faith and fair dealing between the University and Plaintiff and the members of the Class and is unjust.

6.     In short, Plaintiff and the members of the Class have paid tuition for a first-rate education and an on-campus, in-person educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.  As said in New York Magazine, "*Universities are still in a period of consensual hallucination with each saying, 'We're going to maintain these prices for what has become, overnight, a dramatically less compelling product offering.*'"[1]

7.     As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which are simply not being provided; this failure also constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

---

[1] James D. Walsh, "The Coming Disruption," New York Magazine, May 11, 2020, available at https://nymag.com/intelligencer/2020/05/scott-galloway-future-of-college.html?utm_source=fb (site last visited June 9, 2020).

8.      Plaintiff seeks, for herself and Class members at all the University's campuses, the University's return of the tuition and Mandatory Fees paid, proportionate to the reduction in contracted for services provided during the time that remained in the March 2020 Session and all future sessions where the campuses were closed or students were moved to distance/virtual learning. The return of such pro-rated amounts would compensate Plaintiff and the Class members for damages sustained by way of Defendants' breach.

## PARTIES

9.      Plaintiff is a citizen of the United States and a resident of Cuyahoga County, Ohio and, at all times relevant, was enrolled as a student in the University at its Cleveland, Ohio campus.

10.      Chamberlain University, LLC is a Delaware Limited Liability Company which operates a nationwide university consisting of no less than twenty-two campuses which offer prospective students the opportunity to earn nursing degrees including a Bachelor of Science in Nursing, Registered Nurse, Nurse Practitioner, Master of Science in Nursing, Doctor of Nursing Practice, Master of Public Health, and Master of Social Work.[2]

11.      Plaintiff brings this matter on behalf of herself and also as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all students who paid for an in-person education at any of the University's campuses but have instead received an online education as described herein. The amount in controversy exceeds $5,000,000 exclusive of interest and costs.

## JURISDICTION AND VENUE

12.      Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully rewritten.

---

[2] *See* https://go.chamberlain.edu/ (last visited Jan. 13, 2021).

13.      Venue is proper in this Court and this Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

## FACTS

14.      Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully rewritten.

15.      Plaintiff began her education with Chamberlain University in September 2018, by enrolling in the University's Bachelor of Science in Nursing ("BSN") program.

16.      Prior to Plaintiff agreeing to attend Chamberlain University, the University made several representations to Plaintiff, including but not limited to, that Plaintiff would be receiving a live on-campus education at the University's Cleveland campus, that Plaintiff would be receiving hands-on instruction, that Plaintiff would be receiving clinical experience essential to her education, that Plaintiff would be given access to on-campus resources and facilities, and that Plaintiff would be given the opportunity for one-on-one and small group instruction.

17.      These representations were made to Plaintiff not only in her enrollment agreement, but additionally through the University's website, printed literature, videos, campus tour and application process.

18.      Based on these representations by the University, Plaintiff agreed to enroll in the University's BSN program, with the understanding that Plaintiff would be required to complete 122 credit hours to earn her degree at cost to Plaintiff of $675 per credit and an estimated total cost of $88,045.

19.      The University has generally charged Plaintiff $675 per credit hour for all semesters, including the March 2020 semester and beyond.

20.     Chamberlain University operates on a year-round, two month "session" academic calendar wherein each full calendar year contains six sessions. Plaintiff and the members of the Class are charged tuition and Mandatory Fees each semester, i.e. every two months.

21.     The credits that Plaintiff and the Class members pay for and receive from Chamberlain University have very limited or zero transferability to other academic institutions.

22.     The March 2020 semester at the University began on or about March 1, 2020. On March 14, 2020, the University informed Plaintiff and the Class members that all campuses would be closing until further notice.

23.     The practical effect of the University's decision to close all campuses was that all classes were transitioned to online format only and Plaintiff and the Class members no longer had access to on-campus facilities and resources.

24.     On March 20, 2020, the University informed Plaintiff and the Class members that campuses would remain closed and coursework would be delivered online only until at least April 10, 2020.

25.      On March 27, 2020, the University informed Plaintiff and the Class members that campuses would remain closed and coursework would be delivered online only through the end of the May 2020 session (June 27, 2020). The University did not provide Plaintiff and the Class members any discount on tuition or Mandatory Fees for the May 2020 session.

26.     On June 9, 2020, the University informed Plaintiff and the Class Members that coursework would continue to be delivered online only through the end of the July 2020 session (August 29, 2020). Plaintiff and the Class Members were informed that "limited clinicals and campus clinical demos" would resume and that the University would be providing more

5

information. The University did not provide Plaintiff and the Class members any discount on tuition or Mandatory Fees for the July 2020 session.

27.     On July 15, 2020, the University informed Plaintiff and the Class Members that coursework would continue to be delivered online only through the end of the September 2020 session (October 24, 2020). Plaintiff and the Class Members were informed that clinicals and campus clinical demos would continue to be limited. The University did not provide Plaintiff and the Class members any discount on tuition or Mandatory Fees for the September 2020 session.

28.     On September 30, 2020, the University informed Plaintiff and the Class Members that coursework would continue to be delivered online only through the end of the November 2020 session (December 19, 2020). Plaintiff and the Class Members were informed that clinicals would continue to be limited and that only campus simulation, skills labs, return demonstrations, fingerprinting and course testing would be resuming in person on campus. The University did not provide Plaintiff and the Class members any discount on tuition or Mandatory Fees for the November 2020 session.

29.     On November 30, 2020, the University informed Plaintiff and the Class Members that coursework would continue to be delivered online only through the end of the January 2021 session (February 27, 2021). Plaintiff and the Class Members were informed that clinicals would continue to be limited and that only campus simulation, skills labs, return demonstrations, fingerprinting and course testing would be resuming in person on campus. The University did not provide Plaintiff and the Class members any discount on tuition or Mandatory Fees for the January 2021 semssion.

30.     The University touts the quality of its on-campus education by representing to applicants that "[f]rom the classroom to high-tech simulation labs, you will have hands-on

experiences that will prepare you for all the scenarios being a nurse can present, and make you confident that you are prepared for your career."[3]

32.     Moreover, the University represents to Plaintiff and the Class Members that their on-campus education will include access to the University's SIMCARE CENTER which "gives nursing students the opportunity to practice clinical skills on high-tech manikins…" and "lets students use advanced technology in a seemingly real clinical setting, so that students learn how to react to scenarios such as seizures, cardiac arrest and childbirth."[4]

32.     Additionally, the University represents to Plaintiff and the Class members that their on-campus education will include access to the University's Center for Academic Success which is to provide students with in-person tutoring and a variety of academic and clinical resources.[5]

33.     The online learning options being offered to the University's students are sub-par in practically every aspect relative to the on-campus live coursework that Plaintiff and the Class members bargained for.

34.     The difference in quality between a live in-person education and an online education is particularly stark in the field of nursing. The University's live on-campus instruction is often designed around the use of computerized manikins that allow instructors to physically demonstrate nursing skills and then allows students to replicate that instruction. The online classes on the other hand, are much more dependent on power point presentations, present little to no opportunity or one-on-one instruction, are fraught with technical difficulties and offer an inferior forum for students, including Plaintiff, to interact with instructors.

---

[3] https://go.chamberlain.edu/BSN (last visited Jan. 13, 2021).
[4] https://www.chamberlain.edu/nursing-school/ohio/cleveland (last visited Jan. 13, 2021).
[5] *Id*.

35.     When Plaintiff and the Class members agreed to attend Chamberlain University and pay the requisite tuition, they did so in consideration of receiving the promised in-person coursework and on-campus resources, including but not limited to, the SIMCARE CENTER and the Center for Academic Success.

36.     By closing their campuses, offering no clinical instruction, and then significantly restricting the opportunity for clinical instruction, the University has not provided the education that it agreed to provide in exchange for the tuition and Mandatory Fees charged. However, the University has failed to refund Plaintiff and the Class members the tuition and Mandatory Fees that have been paid.

37.     Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fees they paid.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this case individually and, pursuant to Rule 23 of the Ohio Rules of Civil Procedure, on behalf of the class defined as: All persons who paid tuition and the Mandatory Fees for a student to be enrolled at any Chamberlain University campus for the March 2020 Session through the January 2021 Session (the "Class").

39.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

40.     The requirements of Rule 23(a)(1) have been met. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, the identity of all such students is known to the University and can be identified through the University's records. Class members may be notified of the pendency of

this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

41.     The requirements of Rule 23(a)(2) have been met.  There are questions of law and fact common to the members of the Class including, without limitation:

    a.  Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the relevant sessions;

    b.   Whether the University breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 14, 2020;

    c.  Whether the University breached its contracts with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

    d.  Whether Defendant has been unjustly enriched by retaining a portion of the tuition and Mandatory Fees during the period of time the University has been closed, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid;

    e.  The amount of damages and other relief to be awarded to Plaintiff and the Class members.

42.     The requirements of Rule 23(a)(3) have been met.  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each

contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fees that they paid, that the University stopped providing in mid-March.

43.     The requirements of Rule 23(a)(4) have been met.  Plaintiff is an adequate class representative because her interests do not conflict with the interests of the other Class members who she seeks to represent, Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously.  Class members' interests will be fairly and adequately protected by Plaintiff and her counsel.

44.     Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University.  It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

## FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

45.     Plaintiff repeats and re-alleges the factual allegations above as if fully alleged herein.

46.     Plaintiff brings this claim individually and on behalf of the members of the Class.

47.     By paying the University tuition and the Mandatory Fees, the University agreed to, among other things, provide an in-person and on-campus live education as well as access to on-campus clinics, services and facilities.  As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

48.     Defendants are in possession of all contracts, materials, circulars, advertisements, and the like between the Plaintiff and members of the Class, on hand one, and the University, on the other. Plaintiff, on the other hand, is not in possession or does not have access to all of the contracts, materials, circulars, advertisements and the like that embody the agreement between Plaintiff, the members of Class and the University. Moreover, attachment of such voluminous materials hereto would be impractical if not impossible.

49.     The University has failed to provide the contracted for in-person and on-campus live education, as well as the services and facilities to which the Mandatory Fees pertained, yet the University has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities.  Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

50.     Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and Mandatory Fees they each paid equal to the reduction in contracted for education and services

11

during the March 2020 Session and all future sessions where the campuses were closed or students were moved to distance/virtual learning.

51.     The University should return such portions to Plaintiff and each Class Member.

## SECOND CLAIM FOR RELIEF

### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

52.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

53.     Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief.

54.     Plaintiff and members of the Class conferred a benefit on the University in the form of tuition and Mandatory Fees paid for the benefit of an in-person and on-campus live education and the services and facilities to which the Mandatory Fees pertained.  The payment of tuition and Mandatory Fees for the semester were intended to provide these benefits to Plaintiff and the members of the Class throughout the entire semester.

55.     The University has retained the full benefit of the tuition and Mandatory Fee payments by Plaintiff and the members of the Class for the semester, yet has failed to provide the quality of education and services and facilities for which tuition and the Mandatory Fees were paid, including those for an in-person and on-campus live education, and access to the University's services and facilities.

56.     The University's retention of all of the tuition and Mandatory Fees paid by Plaintiff and members of the Class during the period of time the University has been closed, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and

access and the services and facilities for which the Mandatory Fees were paid, is unjust and inequitable under the circumstances.

57.     Undoubtedly, the costs incurred for having an online only program is significantly lower than the overhead needed to provide classes and services on campus.

58.     Allowing the University to retain the tuition and Mandatory Fees paid for in-person on campus education and experiences, after reducing the benefit provided and the costs incurred by the University, unjustly enriches the Defendants.

59.     Accordingly, the University should return the prorated portion of the tuition and Mandatory Fees that Plaintiff and the Class members  each paid equal to the reduction in benefit for education and services since the March 2020 Session.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

    a.  For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff' attorneys as Class Counsel to represent the Class;

    b.   For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

    c.  For compensatory damages in an amount to be determined by the trier of fact;

    d.  For an order of restitution and all other forms of equitable monetary relief;

    e.  Awarding Plaintiff' reasonable attorneys' fees, costs, and expenses;

f.  Awarding pre- and post-judgment interest on any amounts awarded; and,

g.  Awarding such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on any and all issues in this action so triable.

Dated: January 19, 2021                    Respectfully submitted,

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
5000 Rockside Road, Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Facsimile: (216) 642-5814
Email: james@bswages.com


BENDAU & BENDAU PLLC


By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com

*Counsel for Plaintiff and Proposed Class*