UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------------

|  |  |  |
|---|---|---|
| TANESIA DEAN, | : | |
| | : | |
| | : | CASE NO. 1:20-cv-02433 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 11] |
| CHAMBERLAIN UNIVERSITY, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Nursing student Plaintiff Tanesia Dean brings breach of contract and unjust enrichment claims against her school, Defendant Chamberlain University.  On behalf of herself and a potential class, Dean claims Chamberlain breached their agreement by failing to provide in-person education or reduce tuition in light of the COVID-19 pandemic.[1]

Defendant Chamberlain University now moves to dismiss Plaintiff's suit.[2]  Plaintiff opposes.[3]

For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

## I.  Background

In September 2018, Plaintiff began a bachelor of science in nursing program with Defendant University.[4]  Defendant Chamberlain University offers a year-round program made up of two-month class sessions.[5]  Defendant Chamberlain operates as a Delaware

---

[1] Doc. 1.
[2] Doc. 11-1.
[3] Doc. 14.
[4] *Id.* at 2.
[5] Doc. 11-1 at 7.

Case No. 1:20-cv-02433
Gwin, J.

limited liability company using 22 campuses across the United States.  Plaintiff attends

Chamberlain's Cleveland, Ohio, campus.[6]  Defendant University "charges tuition and fees

on a session-by-session basis" and charges the same rate for its in-person and online

courses.[7]

In March 2020, in response to the COVID-19 pandemic, Defendant Chamberlain

closed its campuses and "transitioned all students to online learning."[8]  Defendant

University gave students "one-to-two-months' notice" before each academic session that

classes would be remote.[9]  By mid-July 2020, Defendant began to reopen its campus and

offered limited clinical education, but Plaintiff contends that hands-on and in-person

instruction continues to be limited.[10]

Throughout summer and fall 2020, Plaintiff continued her education online.[11]  With

this putative class action lawsuit, Plaintiff alleges that Defendant made representations that

promised in-person and experiential, clinical learning.[12]  Plaintiff argues that Defendant

breached their agreement by not providing in-person learning and not reducing students'

costs once the COVID-19 pandemic required the move to online classwork.[13]

Plaintiff's breach of contract claim relies on Chamberlain's statements from several

sources, including the parties' Enrollment Agreement and Defendant Chamberlain's

"website, printed literature, videos, campus tour and application process."[14]  In response,

---

[6] *Id.* at 9.
[7] *Id.*
[8] *Id.* at 10.
[9] *Id.*
[10] Doc. 14 at 10.
[11] Doc. 1 at 5–6.
[12] *Id.* at 8.
[13] *Id.*
[14] Doc. 1 at 4; Doc. 14 at 8.

Case No. 1:20-cv-02433
Gwin, J.

Defendant argues that the Enrollment Agreement controls the parties' contract terms.[15]  The

Court agrees with Defendant.

## II.    Discussion

### a.  Legal Standard

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion, the Court

considers the facts in the light most favorable to the non-moving party.[16]  To survive a

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face."[17]  Plaintiff's alleged facts must plausibly

support her legal claim.  The Court relies on the pleadings, but may also consider exhibits

attached to the pleadings, the motion to dismiss, and other record items.[18]

### b.  Plaintiff's Breach of Contract Claim

Considering the facts in the light most favorable to Plaintiff, Defendant's motion to

dismiss should be granted.  To successfully establish a breach of contract claim under Ohio

law, a plaintiff must show: (1) a contract existed; (2) Plaintiff performed under the contract;

(3) Defendant breached the contract; and (4) Plaintiff suffered damages.[19]

Plaintiff's breach of contract claim fails for two main reasons:  First, the Enrollment

Agreement, forecloses Plaintiff's claim.  Second, Plaintiff does not present sufficient facts

to establish that Defendant Chamberlain promised Plaintiff Dean in-person education in all

circumstances.

---

[15] Doc. 11-1 at 15–19.
[16] *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 246 (6th Cir. 2012).
[17] *Id.* at 247 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).
[18] *Gavitt v. Born,* 835 F.3d 623, 640 (6th Cir. 2016).
[19] *Pavlovich v. Nat'l City Bank,* 435 F.3d 560, 565 (6th Cir. 2006) (interpreting Ohio law).

Case No. 1:20-cv-02433
Gwin, J.

Unlike other breach of contract cases between educational institutions and students, there is an explicit contract in this case:  the Enrollment Agreement.

In other cases, Ohio and federal courts have considered documents such as a school's website or brochures to determine the terms of an agreement between an educational institution and a student.[20]   But these cases do not address an explicit contract.[21]

Because there is a contract here, the Court finds this case is different from those where "the terms of . . . a [student and university's] contract are found in the college or university catalog, handbook, and/or other guidelines supplied to the students."  Here, the Enrollment Agreement best reflects the parties' agreement, and it does not guarantee in-person only, on-campus education.

The Enrollment Agreement supersedes earlier representations.  The Enrollment Agreement says that it "supersedes all prior or contemporaneous representations, proposals, communications and negotiations, both oral  and written, and constitute[s] the

---

[20] *Behrend v. State*, 379 N.E.2d 617, 620 (Ohio Ct. App. 1977) ("Generally it may be stated that when a student enrolls in a college or university, pays his or her tuition and fees, and attends such school, the resulting relationship may reasonably be construed as being contractual in nature."); *Prince v. Kent State Univ.*, No. 11AP–493, 2012 WL 831013, at *6 (Ohio Ct. App. Mar. 13, 2012) ("The terms of such a contract are found in the college or university catalog, handbook, and/or other guidelines supplied to the students."); *see also Doe v. Case Western Reserve Univ.*, 809 Fed. Appx. 276, 282 (6th Cir. 2020) (citing *Tate v. Owens State Cmty. Coll.*, No. 10AP-1201, 2011 WL 2685664, at *3 (Ohio Ct. App. July 12, 2011)).

[21] The Court has found at least two education-based cases with an explicit contract such as an enrollment agreement.  They do not provide much guidance.  In one, the parties agreed their contract included the enrollment agreement and the student handbook.  *Ajibola v. Ohio Med. Career Coll., Ltd.*, 122 N.E.3d 660, 670 (Ohio Ct. App. 2018) ("The parties apparently agree that the contract between Madison and Hubbard and the College consisted of the Enrollment Agreements Madison and Hubbard signed, together with the student handbook.").  In the other, the parties agreed that their contractual relationship was governed by an "Educational Installment Contract" and an enrollment agreement. *Ihenacho v. Ohio Inst. of Photography & Tech.*, No. 24191, 2011 WL 3245119, at *9 (Ohio Ct. App. July 29, 2011) ("Neither party disputes that the Educational Installment Contract and the Enrollment Agreement govern the parties' contractual relationship.").

-4-

Case No. 1:20-cv-02433
Gwin, J.

entire agreement between the parties with respect to education services."[22]  The Enrollment

Agreement also preserved Defendant's right to change or cancel classes for circumstances

beyond Defendant's control.[23]

Given these Enrollment Agreement terms, Plaintiff has not pled a plausible claim

that Defendant breached the parties' contract or that Plaintiff was damaged by the change.

Plaintiff was still able to take classes and make progress toward earning her degree after

the move to online instruction.[24]  Moreover, the COVID-19 pandemic certainly amounts

to a circumstance beyond Defendant's control.  The Enrollment Agreement gave Defendant

the right to alter the way it delivered instruction.[25]

Even considering Plaintiff's documents beyond the Enrollment Agreement, Plaintiff

does not get past the motion to dismiss.   In arguing that representations beyond the

Enrollment Agreement were incorporated into the educational contract, Plaintiff claims that

Defendant guaranteed "live on-campus education"[26] in its "website, printed literature,

videos, campus tour and application process."[27]  These sources emphasize the opportunity

---

[22] Doc. 11-1 at 12; Doc. 11-4 at 4.
[23] Doc. 11-4 at 2 ("Course sequences may vary and Chamberlain reserves the right to revise, add or delete courses, alter the total number of class hours, suspend, cancel or postpone a class for reasons including, but not limited to, the following: natural occurrences or other circumstances beyond Chamberlain's control, holidays, special institutional activity days, and registration days. If it becomes necessary for any reason to interrupt regular class schedules or starting dates, Chamberlain may, upon reasonable advance notice, suspend or cancel instruction.")
[24] *See* Doc. 11-1 at 13–14.
[25] Plaintiff argues that this interpretation of the Enrollment Agreement goes too far and gives Defendant "unfettered power to revise, postpone or even outright cancel educational services" without consequence.  Plaintiff says this renders the contract illusory and unenforceable.  Doc. 14 at 9.  The Enrollment Agreement's clause does not give Defendant Chamberlain unfettered control but permits changes to instruction in situations outside of Defendant's control, such as the global pandemic.
[26] *Id.* at 8.
[27] Doc. 1 at 4.

Case No. 1:20-cv-02433
Gwin, J.

for clinical experiences and in-person teaching's importance in Chamberlain's curriculum.[28]  For example, Defendant's website says:

> From the classroom to high-tech simulation labs, you will have hands-on experiences that will prepare you for all the scenarios being a nurse can present, and make you confident that you are prepared for your career.[29]

The complaint does not cite, although it references, all of the extra-Enrollment Agreement representations included in Plaintiff's opposition to the motion to dismiss.[30] Even if the Court considers documents outside of the Enrollment Agreement, Plaintiff's cited website language does not unequivocally promise to provide in-person, on-campus education.  Rather, these materials describe *the opportunity* for clinical and experiential learning.

Plaintiff has not established a claim for breach of contract.[31]

---

[28] Doc. 11-4 at 2 ("Practical clinical experience is an essential requirement of Chamberlain pre-licensure programs.").

[29] Doc. 14 at 2–3.  Plaintiff also quotes Defendant's Academic Catalog:

> The combination of classroom and faculty-directed, student-focused learning activities promote safe, high-quality, competent and compassionate nursing practice.  Student learning occurs through direct patient care in a variety of healthcare settings, including acute and long-term care facilities, as well as in ambulatory and community settings.  Learning opportunities may also include simulated and virtual activities, problem-based, service-based, as well as civic engagement, professional meetings, policy development, advocacy and disaster preparedness.  Select non-clinical nursing courses may be offered for the student to take online or on campus."

*Id.*; Doc. 14-3 at 2.  Plaintiff also points to Defendant's Viewbook, which describes students potential clinical experiences.  Doc. 14-1.

[30] Doc. 1 at 4.

[31] Defendant also argues that Plaintiff waived her breach of contract claim by attending online classes for five two-month sessions even though she believed the contract promised in-person-only education.  Doc. 11-1 at 15.  The Court does not need to reach this argument as Plaintiff has not demonstrated that Defendant breached a contract promising in-person instruction.

Case No. 1:20-cv-02433
Gwin, J.

### c.  Plaintiff's Unjust Enrichment Claim

Plaintiff also brings an unjust enrichment claim alternative to her contract breach claim.[32]  In Ohio, unjust enrichment is a claim for relief in a contract's absence.[33]  Here, the Enrollment Agreement is a contract that governs the parties' relationship.   An explicit agreement generally stops an unjust enrichment claim.   Plaintiff's argument that the Enrollment Agreement is too "vague and ambiguous" to be enforceable is unpersuasive.[34]  The Enrollment Agreement states the parameters of the parties' relationship.

Ohio law permits Plaintiff to bring her unjust enrichment claim as an alternative to her contract claim.[35]  Even still, her claim cannot defeat a motion to dismiss.

To establish a claim of unjust enrichment, a Plaintiff must demonstrate:

> (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.[36]

Plaintiff argues that she conferred a benefit on Defendant when she paid full tuition and "Mandatory Fees" in exchange for in-person instruction and "the services and facilities" supported by the mandatory fees.[37]

---

[32] Doc. 1 at 12.
[33] *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 825 (6th Cir. 2006), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).
[34] Doc. 14 at 13.
[35] *Everett*, 460 F.3d at 826.
[36] *Hobart Corp. v. Waste Mgmt. of Ohio*, 758 F.3d 757, 776 (6th Cir. 2014) (quoting *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005)).
[37] Doc. 1 at 12.  Plaintiff says that the mandatory fees included "[a] Student Services Charge, [a] Course Resource Fee, [an] Annual Resource Fee and [a] Clinical Fee," but Plaintiff does not cite or explain how Defendant defines or uses these fees.  *Id.* at 1.  Plaintiff's complaint included Defendant's Tuition and Expenses chart that lists a $160-per-session "Student Services Charge" for bachelor's degree students.  Doc. 1-1 at 2.  Plaintiff's opposition also highlights the clinical hours listed with a particular course in Chamberlain's Academic Catalog.  Doc. 14 at 12; Doc. 14-3 at 8.  Plaintiff appears to argue that she took this particular course during the March 2020 session and paid for clinic hours she did not receive.  Doc. 14 at 12.

Case No. 1:20-cv-02433
Gwin, J.

Plaintiff does not provide sufficient evidence to support her argument that she was charged fees for services she did not receive or facilities she did not use.[38]  She does not show that she would have paid less had she originally elected to take her courses online.[39]  Bare assertions naming fees or highlighting the usual number of clinical hours in an educational session does not state an unjust enrichment claim that survives a motion to dismiss.[40]

### III.     Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff's complaint is **DISMISSED** without prejudice.


IT IS SO ORDERED.


Dated:  August 16, 2021                           _s/      James S. Gwin_
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE

---

[38] In other words, Plaintiff's unjust enrichment claim fails on the third element of the unjust enrichment standard.  Plaintiff has not demonstrated that Defendant was unjustly enriched "by closing its campus and transitioning its in-person courses to—the only learning option available during a pandemic—remote courses at the direction of Ohio's government." _Lozada v. Case Western Reserve Univ._, No. 1:20-cv-02336-DAP, at 12 (N.D. Ohio June 14, 2021).

[39] Doc. 1 at 7.  To the extent that this argument is an educational malpractice claim, it is not permitted under Ohio law.  _Trutschel v. Kettering Med. Ctr._, No. 22816, 2009 WL 1914549, at *6 (Ohio Ct. App. July 2, 2009); _Cross v. Univ. of Toledo_, No. 2020-00274JD, 2020 WL 4726814, at *2 (Ohio Ct. Cl. July 8, 2020).

[40] _Iqbal_, 556 U.S. at 678 (citations omitted) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Although for the purposes of a motion to dismiss courts must take all of the factual allegations in the complaint as true, they are not bound to accept as true a legal conclusion couched as a factual allegation.").